**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KOMMA SANNEH,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY and
U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

Defendants.

Civil Action No.: BAH-25-839

**ORDER**

Plaintiff Komma Sanneh filed this action claiming unreasonable delay under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), and seeking a writ of mandamus compelling U.S. Citizenship and Immigration Services ("USCIS") to adjudicate his I-751 application (petition to remove conditions on residence) which he asserts was received by USCIS on May 8, 2014. *See* ECF 1. He asserts that he "has made numerous inquiries regarding the status of his pending petition. Still, USCIS has not reasonably explained why his petition has not been adjudicated for almost 10 years." *Id.* at 3 ¶ 9. Plaintiff attached to his complaint the following exhibits: (1) a Notice of Action Transfer Notice, dated April 29, 2021, regarding a I-751 petition with the receipt number EAC1422000675 and a received date of May 8, 2014, ECF 1-6; and (2) an email sent by USCIS in April 2020 which appears confirm a change of address request made on Plaintiff's behalf, *see* ECF 1-7, at 1, and another email sent from USCIS in October 2024,

which appears to confirm a request for "T2 I551 Stamp Delivery,"[1] *id.* at 2, both emails including receipt number EAC-14-220-00675, *id.* at 1–2.

Defendants moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction on July 7, 2025, asserting that USCIS adjudicated Plaintiff's I-751 petition in 2015 when it denied his petition on June 5, 2015, and dismissed his motion to reopen on August 28, 2015. *See* ECF 7-1, at 3. Defendants attach to their motion the following exhibits: (1) the declaration of Shapel Lee, Section Chief and Program Manager at USCIS's Baltimore Field Office, who explains that Plaintiff's petition was assigned two receipt numbers, EAC1422000675 and EAC1415950485, due to USCIS's prior recordkeeping procedures, ECF 7-2; (2) a denial letter sent to Plaintiff dated June 5, 2015, and bearing receipt number EAC1415950485, ECF 7-3; (3) the denied petition dated June 5, 2015, and bearing receipt numbers EAC1422000675 and EAC-14-159-50485, ECF 7-4; and (4) the decision of notice of appeal or motion (Form I-290B) sent to Plaintiff dated August 28, 2015, ECF 7-5. Defendants also note in a footnote that "[p]rior to filing this motion to dismiss, undersigned counsel requested that Plaintiffs' [sic] counsel voluntarily dismiss the case because it is moot. Plaintiff's counsel has not agreed to do so as of the date of this filing, which is Defendants' deadline to respond to the Complaint." ECF 7-1, at 3 n.2. Plaintiff, who is represented by counsel, did not respond to the motion to dismiss and nothing has been filed on the docket since the filing of the motion to dismiss in July 2025.

[1] The Court take judicial notice that a temporary I-551 stamp serves as "temporary evidence of LPR status without requiring an in-person appearance at the field office." *See* United States Citizenship and Immigration Services, *Temporary Status Documentation for Lawful Permanent Residents (LPRs)* (Mar. 16, 2023), available at https://www.uscis.gov/i-9-central/form-i-9-related-news/temporary-status-documentation-for-lawful-permanent-residents-lpr (last visited Oct. 31, 2025).

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint for a lack of subject matter jurisdiction and "governs motions to dismiss for mootness . . . , which pertain[s] to subject matter jurisdiction." *Stone v. Trump*, 400 F. Supp. 3d 317, 333 (D. Md. 2019). "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc., v. Nike, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (quoting *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). This means that, throughout the litigation, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis*, 494 U.S. at 477).

In a factual challenge to the Court's subject matter jurisdiction, "the district court may [] go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (additional citations omitted) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." *Adams*, 697 F.2d at 1219. Thus, the Court properly considers the exhibits attached to Defendants' motion to dismiss. *See* ECFs 7-2 through 7-5.

"Federal courts have routinely concluded that immigration mandamus actions are moot where, as here, the agency has rendered the requested adjudication." *Tran v. Holder*, Civ. No. DKC-10-2503, 2011 WL 3236098, at *2 (D. Md. July 27, 2011) (collecting cases); *Watkins v.*

*Napolitano*, Civ. No. RWT 11-2257, 2012 WL 4069763, at *3 (D. Md. Sept. 14, 2012) (dismissing unreasonable delay APA claim and mandamus claim as moot when USCIS adjudicated underlying petition); *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) (citing *Akinmulero v. Holder*, 347 F. App'x 58, 60–61 (5th Cir. 2009)) (same). While it is not entirely clear why USCIS would send a petitioner a transfer notice for a petition that had been denied years earlier, *see* ECF 1-6, the uncontroverted evidence establishes that USCIS rendered a decision on the I-751 petition at the heart of Plaintiff's complaint on June 5, 2015, and denied Plaintiff's motion to reopen later that same year. *See* ECF 7-3; ECF 7-4; ECF 7-5. As such, there is no live controversy. Plaintiff's complaint is moot and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Accordingly, it is this 31st day of October, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants' motion to dismiss, ECF 7, is GRANTED;
2. Plaintiff's complaint is DISMISSED AS MOOT pursuant to Fed. R. Civ. P. 12(b)(1); and
3. The Clerk SHALL TRANSMIT a copy of this order to counsel of record.

/s/
Brendan A. Hurson
United States District Judge